Good morning, and may it please the Court. My name is Don Lojack. I'm from Boise, Idaho, and I represent the appellant here, Linda Woodworth. I'd like to point out, first of all, the airplane that is involved in this case is a Piper Apache. A Piper Apache is a twin-engine airplane. It has dual controls, that is to say it has a yoke both on the right-hand side and on the left-hand side. Just the mic up just a little bit. Just turn it up. There you go. Very good. Thank you. The airplane can be flown by one pilot from either side of the aircraft. The problem is that the aircraft does not require a crew in order for its operation in safe flight. That's undisputed in the record in the affidavit of one of the mechanics and a pilot for the Piper Apache, Mr. Varma. The district court opinion clearly set up the wrong tests in construing the insurance contract involved here. The court unfortunately got off to a bad start by asking, in its opinion, whether Mr. Woodworth was either a pilot or a crew member of the aircraft that crashed on July 15, 2004. And that question is inappropriately framed. It does not matter that in the court's opinion is the language of the policy. The question should be what is a flight instructor? That probably is one of the questions. A flight instructor is someone who sits in the airplane and observes a student pilot. That is not necessary for the flight of the airplane. It's not necessarily for the piloting of the airplane. The flight instructor is not necessarily the pilot in command, certainly not always. The flight instructor can be acting as an examiner, and we stated in the brief the FAA regulations indicating that an examiner is not the pilot in command. Why can't the flight instructor be considered a crew member? Well, I think he probably could be considered a crew member, but that's not the point, Your Honor. The point is how do we interpret the policy of insurance? And it is indisputed, I think, or undisputed under Idaho law. We cited the Rastner case, the Perry case, and the Unigard v. McCarthy case. In each of those cases, upon Idaho law, it is stated that where there's an exclusionary provision in a policy of insurance, that is to be strictly construed against the insurance company. So if it is possible for a flight instructor to be a member of a crew under one interpretation, there are nine cases that we cited in our brief from various jurisdictions, including the 11th Circuit and the 10th Circuit, which say that crew member is an ambiguous term. It is not self-defining, and it could be a flight instructor. It could not be a flight instructor. The point is that you don't need a crew because in my interpretation, and I think a reasonable interpretation of crew means that people join together in the operation of a business or a machine or a boat or an airplane. So if you have a flight engineer or a flight attendant, I think reasonably they would be a crew. If you have a flight instructor who may or may not be instructing, we know from the ATSB report that they flew over to Boise. We don't know if they landed in Boise or not. We don't know what their mission was in Boise. We know that the person in the right seat was the flight instructor. The person in the left seat was a licensed pilot. He was a commercial pilot. He had his basic IFR certification, and he is thoroughly competent to fly the circuit, although he may not have been licensed. So when you look at the policy language, which is why I'm here, because I think the policy language has to be strictly construed, we see that you have to find that the decedent was, at the time of the injury, acting as a pilot or a crew member. Acting as is not a status, as the district court found in its opinion. The district court applied a status test and said, well, because Mr. Ridworth was a pilot and he was in the airplane at the time, then he falls within the exclusion. That's clearly inappropriate. That clearly does not meet the exclusionary language, which was constructed by the insurance company, not by my widow, who is 68 years old and lives in Payette, Idaho. The same thing goes for a crew member. When you have multiple, multiple decisions by many courts who I certainly respect, both at the state and at the federal level, these cases that go on and on will say that these terms of pilot or crew member are not self-defining and they're certainly not defined in the policy of insurance. But where those terms are ambiguous, that means if you apply strict construction against the exclusionary cause, that means that at least the summary judgment of the Stonebridge Insurance Company should have been defeated here. We went on besides that and we said that they had the burden of proof to show that the conduct, the acting of the pilot, Mr. Ridworth, the decedent, that he was acting as a pilot at the time of the impact. And nobody really knows. But just because they awkwardly wrote this into their insurance policy because they put themselves into a hole does not mean that the district court or that this court, respectfully, should give them a lifeline and say, well, we're going to help you out and try to figure out what you should have said or could have said or make some assumptions as to what was going on in the cockpit at the time that the airplane impacted the ground because that's when the injury occurred. I said in my brief, it's somewhat macabre to state that it's not the fog that hurts you, it's the sudden stop. And I don't mean to be light about this, but indeed, when the airplane went out of control, the left wing stalled and the airplane had a couple of rotations and impacted the ground. The injury did not occur until the impact took place. And at that point, what was happening inside the cockpit? Who was acting as pilot? Who was acting as a crew member, if anyone? No one really knows. And that's the burden of the insurance company. That's why we're here. I think those are my main points. You have about three minutes. Do you want to save some for a bottle? I'll just make one more point, and that is that the FAA itself and the circuit, the ninth circuit itself, this is a site at page 15 in our reply brief. The site is 908 Thudsec and 451. But the FAA itself distinguishes between crew members and flight instructors, indicating that they are not synonymous reading the FAA regulations. While the FAA at various points in the regulations separates these terms between flight engineers or ground instructors or flight instructors or crew members, these things are written in the destructive in the FAA regulations. And I would think that that alone would indicate that there is ambiguity. And if there is ambiguity, and if you strictly construe this policy against the insurance company, which should be done under Idaho law, which controls, then at the very least the summary judgment should not have been granted for the Stonebridge Insurance Company. I would go one step further and say that summary judgment should have been granted for the plaintiff on these facts. But at the very least, we would ask the court to remand or to reverse the remand for a trial if you believe that there are questions of fact that would need to be determined. I don't believe that there are questions of fact because the Stonebridge Insurance Company, having written this insurance policy the way they did, are in a hole that they can't get out of. I think they should be held to the terms of the policy. Thank you. Thank you, counsel. Mr. Tharpe. May it please the Court. I'm Stan Tharpe, and I represent the respondent in this matter, Stonebridge Life Insurance Company. This appeal arises from a written decision from the Honorable Edward J. Lodge from the District Court, and the issue in this case, as posed by the appellant, is whether the language, quote, acting as a pilot or crew member in an aircraft, is ambiguous. The District Court correctly analyzed the language and found that it was not ambiguous. Furthermore, any reasonable person reading that language would find that it applies to the situation and the facts here where we have a licensed pilot who was the only authorized person to operate this twin-engine plane on the day of the accident. Well, counsel, when a flight instructor goes along, usually the other pilot in the plane or the student is allowed to fly the plane  So I think your last argument doesn't necessarily hold up. I would agree with your assessment there, Your Honor. However, that plane could not have left the ground had Mr. Woodworth, who was the only authorized pilot to operate that, been on the plane. And in addition, Your Honor, here we have the District Court. The point of the language of the policy doesn't say authorized pilot. I take your point. I mean, if somebody takes off in a plane and they're a pilot, I assume that you would still impose the exclusion, right? It would be authorized. What I'm saying is authorized pilot, Your Honor. Well, but see, authorized pilot is different from the language of the exclusion, which uses the word acting, right? Acting as a pilot or crew member. I know, but acting is, you know, an authorized pilot is, say, more status-oriented. And the acting as a pilot is, you know, actually piloting the airplane at the time, right? Your Honor, I would go one step further. That's one possible interpretation. I would go one step further. And as a flight instructor, he is, in fact, acting as a pilot. The FAA identifies... Well, no, but suppose, you know, he's sitting, whichever side he's sitting on, and, you know, he says, okay, student, I want you to start flying this airplane. Is he acting as a pilot? I believe he is, Your Honor. He may not be actual in physical control of the plane. Or is he acting as an instructor? He's acting as an instructor, but as an instructor in the operation of the aircraft. So he's instructing, but he's not piloting. I mean, you know, what does the verb to pilot mean? Well, I believe... He's sitting there and telling somebody, you take over the controls, is he? I believe that there's... Just because he's not actually in physical control of the airplane, I believe he can still be acting as a pilot or a crew member during that flight. No, but, see, but that's the question, whether that makes the exclusion ambiguous, because it uses the term, you know, acting. We would submit that the... I think that's Mr. Lojack's argument. That acting doesn't... Acting excludes status as a defining point, as they be all and end all. In other words, if I'm the authorized pilot, I could, you know, I could... Don't even have to be on the airplane, right? Because, yes, I'm the authorized pilot of that flight. But I believe the court can go one step further because the court granted summary judgment on two grounds. One, that he was acting as a pilot, or even if he wasn't acting as a pilot, he was acting as a crew member. And, therefore, under either of those scenarios, the exclusionary language in the policy applied. Is crew member a term of art in the aviation industry? You know, I have not found... Well, let me back up. Crew is defined by the FAA as anybody aboard having some duties or responsibilities. And we've cited that. For instance, I know there's some other cases that I've had. But, for instance, when the FAA, you know, sends a check pilot on a commercial airliner, right, to, you know, observe the crew, he's not a part of the crew, is he? If he was there as an observer, I would say no, Your Honor. I would agree with you. And that's consistent with some of the cases that were cited by the appellant where people who were merely on a plane observing were not considered pilots or members of the crew. All right. Now, what about if you're there instructing? I believe he has an active duty. And I believe he is actively instructing to get this individual ready to fly this plane. And, therefore, he's considered a member of the crew. Would that depend on some factual development? I don't believe so. Because, basically, your position is it doesn't matter what they were doing as long as he's a flight instructor and he's in the plane at the time. He's either a crew or a pilot. That's the end of the story. That's your position. Now, their position is, well, look, if he's just observing, then the cases that apply to observers should kick in. You see, if the exclusion had said any person authorized to act as a pilot on the flight, it would be different to me than to say acting as a pilot. Don't you think it would be different, a different exclusion? No, Your Honor. I believe that given his position as a flight instructor and given the way that the FAA defines the pilot in command, who is the ultimate person responsible for that flight, and if you look at the McGee versus Cessna case, in that case the court said that even though a student may be in physical operation of the plane, when there are dual controls, that instructor, the flight instructor, is still considered the pilot in command for purposes of that flight, and I believe that notation in that case is very helpful. Which case is that? McGee versus Cessna, Your Honor. Okay. And it's a California case 139, Cal-App 3D-179. The one point I would like to make. Before you go on, I gather that there's nothing in the record indicating the actuarial basis of the exclusion? No, Your Honor. So in other words, we don't know whether you could purchase insurance that would obviate the exclusion or not? There is nothing in the record as to that. I do know from reading the cases and so forth that there are aviation policies out there that will cover pilots. In this case, Stonebridge made the business decision that they did not want to insure such a risk, and that's why that was in the policy. Why didn't they include the word flight instructor in their exclusion? I do not know that answer, Your Honor. I don't have any of the background. This policy was originally taken out in 1992 by Mr. Woodworth, and I do not know what went into the thinking process on the particular wording that they used. Well, as far as you know, is this just what you would call a run-of-the-mill insurance policy? It's not particularly tailored for anybody in the aviation industry, right? Well, in fact, it's not. It's quite common for most insurance policies to have an exclusion of this nature. I don't know about the exact wording, but, right? I believe certain accidental policies have an exclusion, and they have other similar exclusions which make absolutely sense. For instance, if you're in a speed racing contest, you know, they don't want to insure people who are out there drag racing. And so this is the one for, obviously, if you're a passenger on a commercial airplane, you would be covered under this policy, but they see that it's a high risk when you're on a plane acting as either a pilot or a crew member. Well, that's the rub. Was he not acting as a pilot or a crew? Or some policies even exclude passengers if it's a non-commercial flight, right? Your Honor, I have not seen one of those policies, so I can't confirm that at all. I do note that the terms here, pilot and crew member, you know, they have an ordinary meaning to the layperson. In coming down here on the flight yesterday, I opened up the magazine, and it talks about you have to respect and you have to obey the requests of crew members, of the crew. So it's used in everyday terminology. It's defined in the dictionary, pilot and crew. So I would submit to the court that those terms are not ambiguous. And as the district court found, they're not ambiguous. I think the district court was also correctly applied Idaho law. If you go down, the court says, look, insurance company, you have the burden of showing the application of this exclusionary provision. The court noted that. The court noted that, you know, if there's an ambiguity, it's construed against the insurance company. So the district court, all the way through its decision, correctly applied the Idaho law as has been set forth by the Idaho Supreme Court and the Idaho Court of Appeals. In concluding that, the conclusion was not ambiguous. Judge Lodge didn't depend on any, you know, case law from Idaho or elsewhere or any technical meaning. He just sort of went on the basis of just the everyday usage, didn't he? I believe what Judge Lodge did in his decision is he relied upon the line of Idaho cases that say that when you look at an insurance contract, you look at it and you construe it as you would insurance policy. No, I mean, in terms of defining pilot and crew, there's nothing in Idaho law that defines that, right? He just sort of went by, you might say, you know, common sense, ordinary language, ordinary usage of the English language. Your Honor, you are correct in that there was nothing in Idaho law that talked about the definition of pilot or crew member, and he looked at it and analyzed it as a reasonable person. In the policy that defines them. Those words are not defined, Your Honor, but under Idaho law, the case of Prairie, I believe it's Farm Bureau, the Idaho Supreme Court has said you do not need to define all words in a contract, and the mere fact that they're not defined does not mean that they're ambiguous. So Idaho law says you don't have to define each and every term. I see that I'm out of time. Let me ask you one more question because Judge Lodge did rely on the CFRs, and does the FAA distinguish, as your opponent says, between pilot and commands and flight instructors? Are they two distinct defined terms in the code? You know, the only place that was in counsel of that site, I believe those referencing drug tests or something to that effect, it wasn't specifically with respect to pilots. It was in a different area, Your Honor. Other than that, I do not know where the FAA distinguishes between those different categories of people. Okay. Any further questions? Thank you for your argument. Thank you. Thank you. Most of those questions, I think you understand the issues very well. I'd just like to make three points very quickly. Number one, I am a pilot. I've got about 2,000 hours, and I have several ratings. Pilot and command is a term of art, and it's much discussed among pilots as to what exactly that means. The Cessna aircraft case, Judge Teshima, I think is only important in the context that it does discuss the pilot and command concept, but the insurance policy here does not talk about pilots and command. That's a technical term of art, and it's not within the definition. One of the thoughts was that the dictionary defines a crew member. In his brief at, I think, page 23, he says that the dictionary does not define a crew member, and I think that's correct. The dictionary does not define that term. It's not self-defining. The Eleventh Circuit has stated in the Colbert-Arcana case that as to the term pilot and crew member, there are a variety of interpretations the courts have given to those terms in aviation policies. In short, it should have defined the key terms, but it did not do so, and now should not be heard to complain. And I think Stonebridge is in that same position. Finally, and I don't know if this is important for a decision or not, but the legal status of the person in the left seat here is really not determinative. First of all, the man in the left seat was a pilot. He was a licensed pilot. He had several ratings, and we don't know at the time whether or not he was qualified to fly this airplane because he very well could have been cleared by the flight instructor on the course of this flight because it was not the first flight that he had made with the flight instructor, and we don't know what happened in that cockpit during the flight, just as we don't know what happened in the cockpit at the end of the flight. So the question that all of you, I think, have raised and wrestled with, the difference between status and actual performance is very, very important. Unfortunately, Judge Lodge's decision was based on status. He said if you're a pilot, well, then you're under the policy, and I pointed out in my brief that when I was flying over here on Southwest, I was in the back of the airplane. I am a pilot, but I certainly wasn't in control of the airplane, and I think it would be unfair to apply that exclusionary language to me under those circumstances. The same can be said for Mr. Woodworth, the decedent's late husband. If there are no other questions, I'd be happy to sit down. Thank you, counsel. Thank you both for your arguments, and the case just heard will be submitted. Thank you. It was very pleasant to be here, especially since the mariners are now six and two. Next case on the oral argument calendar, United States v. SEMA.
judges: B. Fletcher, Tashima, Thomas, Cjj